**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

TERRY G. ALDRICH and )
CINDY L. ALDRICH, )
)
Plaintiffs )
)
) 3:16-cv-379    DRH-DGW
)
UNITED STATES OF AMERICA, )
SOUTHERN ILLINOIS HOSPITAL )
 SERVICES d/b/a SOUTHERN )
ILLINOIS HEALTHCARE, )
et al )
)
Defendants. )
)
)

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO**

**DEFENDANTS ABDUL MAJID, M.D. AND PAMELA SPARLING'S**
**MOTION TO DISMISS COUNTS X, XI, XIV, AND XV**
**OF PLAINTIFFS' FIRST AMENDED COMPLAINT [DOC.71]**

**DEFENDANT CONSTANCE KIRBY, CRNA'S MOTION TO JOIN IN**
**DEFENDANTS ABDUL MAJID, M.D. AND PAMELA SPARLING'S**
**MOTION TO DISMISS [DOC. 70] AND MOTION TO DISMISS [DOC. 75]**

**AND**

**DEFENDANT LYNN SUPPAN'S MOTION TO DISMISS**
**COUNTS XVI & XVII OF PLAINTIFFS' FIRST AMENDED COMPLAINT [DOC. 74]**

COME NOW Plaintiffs, by and through their undersigned Attorney, and for their

opposition to the Motions to Dismiss with supporting Memoranda filed by Defendants Abdul

Majid, M.D., Lynn Suppan, CRNA, Constance  Kirby, CRNA and Pamela Sparling CRNA [Doc.

1

70 through Doc. 75], state as follows:

Plaintiffs Terry Aldrich and his wife Cindy Aldrich agree that the procedural history outlined by Defendants in their Motions and supporting Memorandum is basically correct: Plaintiffs' initial Complaint in this Court named only one Defendant, the United States of America (Veterans Administration or VA) alleging certain medical negligence on the part of the VA leading up to surgery on October 31, 2013 where Plaintiff Terry Aldrich was injured. About the same time, Plaintiff filed a separate lawsuit against several health care providers who attended Mr. Aldrich during the October 31, 2013 procedure alleging that they caused or contributed to cause the same injuries and damages Plaintiff allegedly suffered because of the negligence of the VA; that lawsuit is *Aldrich v. Southern Illinois Healthcare Services*, Case No. 15-L-98 pending in the Circuit Court of Jackson County, Illinois.

The physical injuries suffered by Plaintiff Terry Aldrich occurred while he was unconscious on the operating table and totally under control of the surgeon and other doctors and nurses; accordingly, Plaintiffs rely upon the *res ipsa* doctrine to a significant extent. *See Heastie v. Roberts*, 226 Ill.2d 515,877 N.E. 2d 1064, 1076, 315 Ill.Dec. 735 (2007).  Plaintiffs were not aware of the names of all the individuals participating in that surgical procedure or what each of them did or did not do; but they did know the identity of the corporate entities which ran the hospital and otherwise presumably employed or controlled those individuals. Those corporate entities were named as Respondents In Discovery in the initial Complaint filed in Jackson County. Exhibit A of Exhibit 1 to Defendants Majid and Sparling's Memorandum in Support [Doc. 72-1, pp. 1-17, Page ID #452-468.] Plaintiffs later were allowed to file their First Amended Complaint in Jackson County naming Anesthesiologist Abdul Majid, M.D., Lynn Suppan, CRNA, Constance  Kirby, CRNA and Pamela Sparling CRNA as Defendants. Exhibit B

of Exhibit 1 to Defendants Majid and Sparling's Memorandum in Support, pp. 32-50. [Doc. 72-1, Page ID #.483-501]. Those Defendants filed Motions to Dismiss pursuant to 735 ILCS 5/2-619 complaining, among other things, that they were not promptly served within the statutory period and should be dismissed pursuant to 735 ILCS 5/2-616(b) and Illinois Supreme Court Rule 103(b). Exhibits G, H, I and J of Exhibit 1 to Defendants Majid and Sparling's Memorandum in Support pp. 71-127 [Doc. 72-1, Page ID #522-578]. The Jackson County Court concluded that Plaintiffs should restate or replead Counts directed against Defendant Sparling and Defendant Suppan so that each cause of action would be stated in a separate Count; otherwise, the Court denied the Motions to Dismiss, including those based upon 735 ILCS 5/2-616(b) and Illinois Supreme Court Rule 103(b).  Exhibit K and Exhibit L of Exhibit 1 to Defendants Majid and Sparling's Memorandum in Support [Doc. 72-1, pp.128-131, Page ID #579-582]. Plaintiffs filed their Second Amended Petition. Exhibit M of Exhibit 1 to Defendants Majid and Sparling's Memorandum in Support pp.132-153 [Doc. 72-1, Page ID #583-604].

Defendant Kirby, CRNA filed an Answer, as did the Corporate Defendants and Defendant Dr. Taveau.  Exhibit P of Exhibit 1 to Defendants Majid and Sparling's Memorandum in Support pp.172-173 [Doc. 72-1, Page ID #623-624.] Defendants Majid, Sparling, and Suppan, however, refiled their Motions to Dismiss.  Exhibits N and O of Exhibit 1 to Defendants Majid and Sparling's Memorandum in Support pp.154-163 [Doc. 72-1, Page ID #605-614.] Plaintiffs did not respond to those refiled Motions to Dismiss, and on June 15, 2017 the Jackson County Court summarily denied them.  Exhibit P of Exhibit 1 to Defendants Majid and Sparling's Memorandum in Support p. 174 [Doc. 72-1, Page ID #625.] All Defendants filed Answers. *Supra,* p. 175, Page ID # 626. By that time, the parties in the Jackson County case and Defendant USA/VA had agreed to jointly take depositions and otherwise cooperate with respect to

3

discovery.

In due course, Plaintiff Terry Aldrich filed a Motion for Permissive Joinder of Parties [Doc. # 31] pursuant to Rule 20, Fed.R.Civ.P. and 28 U.S.C. §1367, and on November 29, 2017, the Court granted that Motion [Doc. # 37], directing the clerk to join Cindy Aldrich as a Plaintiff and Southern Illinois Hospital Services, Southern Illinois Medical Services, Brigham Anesthesia South, LLC, Jon William Taveau, D.O., Abdul Majid, M.D., Lynn Suppan, CRNA, Constance Kirby, CRNA and Pamela Sparling CRNA, as Defendants. Defendants Majid, Sparling, Suppan and Kirby filed their respective Motions to Dismiss pursuant to Rule 12(b)(5) and Rule 12(b)(6) asserting again the same issues which had been denied twice by the trial court in the Jackson County Case. These are the Motions now before the Court.

The purpose of a § 2-619 (735 ILCS 5/2-619) motion to dismiss is to dispose of easily decided issues at the outset of litigation. *Van Meter v. Darien Park District*, 799 N.E.2d 273, 278, 207 Ill. 2d 359, 367 (2003). Common sense and ordinary notions of jurisprudence dictate that a party should not be allowed to refile the same motion over and over again repeatedly raising issues which have already been resolved. Certainly, this is not permitted under Rule 12(g), Fed.R.Civ.P.; *Rowley v. McMillan,* 502 F.2d 1326, 1332-1333 (4th Cir. 1974). At most, an amended complaint permits a defendant to file another motion to dismiss if there are new defenses which were not available at the time of defendant's response to the initial pleading. *Rowley v. McMillan, supra.*

The case cited by Defendants for the proposition that upon the filing of a new complaint, prior complaints are "generally found to be superseded," *Zawadzka v. Catholic Bishop of Chicago,* 337 Ill.App.3d 66, 70, 271 Ill. Dec. 420, 785 N.E.2d 71 (2003) ( Defendant Majid's Memorandum, p.3; [ Doc. 72, Page ID #437]), does not change this sensible reality. That case

4

indicates that a plaintiff cannot raise issues asserted in a previous, superseded complaint unless there is some reference in the amended complaint incorporating or preserving the issue. *Id.*

Plaintiffs respectfully suggest that Defendants Majid, Sparling, Suppan and Kirby do not expect this Court to essentially overrule the decisions of the Illinois Court based upon Illinois statutes and rules; rather, the current Motions were filed so " . . . the issue will be preserved for appeal in the Federal Court." Defendants Majid and Sparling's Memorandum in Support of Their Motion to Dismiss, p. 4. [Doc. 73, Page ID # 438.] Plaintiffs request that the Court strike or summarily deny the Motions to Dismiss pursuant to Rule 12(g)(2) because the identical issues have been raised and denied in prior motions to dismiss.

If the Court does consider the Motions on their merits, then Plaintiffs pray that the Motions can be denied for the reasons set out in the attached Memorandum marked as Exhibit 1. All the claims against every Defendant grew out of the same October 31, 2013 operation mentioned in the initial Complaint.  A review of the "totality of the circumstances" as required by Illinois Supreme Court Rule 103 shows that Plaintiffs have been diligently working to identify the individual healthcare providers who attended him during the October 31, 2013 surgical procedure, and the Defendants, for the most part, have been represented by attorneys involved in this case from the outset.  None of the Defendants can show that they have been denied any opportunity to discover any fact, present any defense, participate in the case in any way. There has been no prejudice to any party within the meaning of §2-616(d). The decision of this Court should be the same as the decision of the Trial Court in Jackson County: The Motions should be Denied.

**THE PERRON LAW FIRM P.C.**

*/s/ Martin L. Perron*

MARTIN L. PERRON, Bar # 06182483 (Ill.)
1714 Dear Tracks Trail, Suite 200
St. Louis, MO 63131-1872
(314) 993-4261
(314) 993-3367 Fax
mlp@perronlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was on this 13th day of August 2018 filed via the Court's CM/ECF system to be served electronically upon all counsel of record. Including:

John C. Ryan
Kara L. Jones
Feirich Mager Green Ryan
PO Box 1570
Carbondale, IL  62903-1570
*Attorneys for Defendants Brigham Anesthesia South, LLC.*
*Majid, Sparling and Suppan*

Edward Bott, Jr.
Gino P. Gusmano
Greensfelder Hemker & Gale
12 Wolf Creek Drive, Suite 100
Belleville, IL 62226
*Attorneys for Defendants SIHS and SIMS*

Gregory J. Minana
Theresa Mullineaux
Husch Blackwell
The Plaza in Clayton
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
*Attorneys for Defendant Dr. Taveau*

6

Charles E. Schmidt
Phillip G. Palmer, Jr.
Joseph M. Baczewski
Brandon & Schmidt
PO Box 3898
Carbondale, IL 62902-3098
*Attorneys for Defendant Kirby, CRNA*

Donald Boyce
United States Attorney
Adam E. Hanna
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
Phone: (618) 628-3700
Fax: (618) 622-3810
E-mail: Adam.Hanna@usdoj.gov
*Attorneys for Defendant United States*

*/s/ Martin L. Perron*

_____