# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRY G. ALDRICH and
CINDY L. ALDRICH,

      **Plaintiffs,**

vs.

                                                            **No. 16-cv-379-DRH-RJD**

**UNITED STATES OF AMERICA,**
**SOUTHERN ILLINOIS HOSPITAL**
**SERVICES d/b/a SOUTHERN**
**ILLINOIS HEALTHCARE, et al.,**

      **Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction

Pending before the Court are two motions: (1) a motion to dismiss Counts X, XI, XIV, and XV of Plaintiffs' first amended complaint ("the Complaint") (Doc. 71) pursuant to Federal Rule 12(b)(5) submitted by Defendants Abdul Majid and Pamela Sparling and joined by Defendant Kirby on August 6, 2018; and, (2) a motion to dismiss Counts XVI and XVII of the Complaint (Doc. 73) pursuant to Federal Rule 12(b)(6) submitted by Defendant Lynn Suppan on August 6, 2018. On August 13, Plaintiffs offered a Response in Opposition (Doc. 77) to each motion to dismiss. For the reasons set forth below, the Court **DENIES** both Defendants Majid,

Sparling, and Kirby's motion to dismiss (Doc. 71) and Defendant Suppan's motion to dismiss (Doc. 73).

## II. Background

This matter arises from spine surgery Plaintiff Terry Aldrich underwent on October 31, 2013. Two years later, on or about October 27, 2015, Plaintiffs filed a lawsuit against Defendants Majid, Sparling, and Kirby ("Defendants MSK") in Jackson County, Illinois alleging that Defendants MSK caused or contributed to cause the same injuries and damages Plaintiffs allegedly suffered because of the VA's negligence. On or about April 21, 2016, Plaintiffs sought leave to file an amended complaint, which the state court granted. Plaintiffs' first amended complaint was filed on May 12, 2016 and it added as defendant Lynn Suppan, CRNA ("Defendant Suppan"). On May 31, 2016, Plaintiffs had a summons issued for service upon Defendants MSK and Defendant Suppan and each defendant was served with the summons and complaint by June 8, 2016. Defendants MSK subsequently filed a motion to dismiss arguing that Plaintiffs failed to exercise due diligence in the serving of their complaint as required by Illinois Supreme Court Rule 103(b) ("Rule 103(b)"). Defendant Suppan filed a motion to dismiss asserting that Plaintiffs' claims against her were time barred and did not relate back to the filing of the original complaint.

On or about March 17, 2017, the state court denied both Defendants MSK's motion to dismiss and Defendant Suppan's motion to dismiss, but granted Plaintiffs leave to file an amended complaint in response to arguments raised with regard to the commingling of causes of action in violation of 735 ILCS 5/2-603. Plaintiffs subsequently filed an amended complaint, which then caused Defendants MSK and Defendant Suppan to renew their previous motions to dismiss by again arguing that Plaintiffs failed to use due diligence in serving them and claims against Defendant Suppan were time barred. The state court, again, denied each motion.

On October 3, 2017, Plaintiffs filed a motion for permissive joinder of parties in this Court, which the Court granted. Defendants MSK now seek dismissal of Counts X, XI, XII, XIII, XIV, and XV of the Complaint on the basis that Plaintiffs failed to exercise due diligence in serving them in the state court action, as required by Rule 103(b). Defendant Suppan seeks dismissal of Counts XVI and XVII of the Complaint on the basis that Plaintiffs' claims against her are time barred by the applicable statute of limitations period and the claims do not relate back to the filing of the original suit.

### III. Applicable Law

The Federal Rules make clear that they do not apply to filings in state court. *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001). The Seventh Circuit has concluded that Illinois law applies to dismiss a plaintiff's complaint for their lack of diligence in serving it, because the action was originally

filed in state court and the conduct in question occurred prior to removal. *Id.* at 1123.

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007).

Although federal pleading standards were retooled by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted).

The Seventh Circuit offers further guidance on what a complaint must do to withstand 12(b)(6) dismissal. The Court in *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008), reiterated the standard: "[S]urviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the complaint's allegations must "raise a right to relief above the speculative level." A plaintiff's claim "must be plausible on its face," that is, "the complaint must establish a non-negligible probability that

the claim is valid." *Smith v. Medical Benefit Administrators Group, Inc.,* 639 F.3d 277, 281 (7th Cir.2011).

## IV. Analysis

Plaintiffs' 17-count, first amended complaint alleges a Federal Torts Claim Act claim against the United States and various medical negligence claims against the remaining defendants. In their pending motion to dismiss (Doc. 71), Defendants MSK argue that Counts X, XI, XII, XIII, XIV, and XV of the Complaint should be dismissed because Plaintiffs failed to exercise due diligence in effectuating service as required by Rule 103(b) In her pending motion to dismiss (Doc. 73), Defendant Suppan argues that Counts XVI and XVII of the Complaint should be dismissed because Plaintiffs' claims against her are barred by the applicable statute of limitations period and the claims do not relate back to the filing of the original suit. Each motion shall be analyzed in turn.

**A. Defendants' Majid, Sparling, and Kirby's Motion to dismiss**

Defendants MSK's motion to dismiss seeks dismissal of Counts X, XI, XII, XIII, XIV, and XV of the Complaint on the basis that Plaintiffs failed to exercise due diligence in serving Defendants in the state court action, as required by Rule 103(b).

The Seventh Circuit has concluded that Rule 103(b)'s requirements are an integral part of the statute of limitation provisions in Illinois, therefore, federal courts will apply Illinois service of process rules under certain circumstances. *See Hinkle v. Henderson*, 135 F.3d 521, 522 (7th Cir. 1998); *Romo v. Gulf Stream*

*Coach, Inc.*, 250 F.3d 1119 (7th Cir. 2001); *Dewey v. Farchone*, 460 F.2d 1338 (7th Cir. 1972). Supreme Court Rule 103(b) provides, as follows:

> **(b) Dismissal for Lack of Diligence.** If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant only and shall not bar any claim against any other party based on vicarious liability for that dismissed defendant's conduct. The dismissal may be made on the application of any party or on the court's own motion. In considering the exercise of reasonable diligence, the court shall review the totality of circumstances, including both lack of reasonable diligence in any previous case voluntarily dismissed or dismissed for want of prosecution, and the exercise of reasonable diligence in obtaining service on any case refiled under section 13-217 of the Code of Civil Procedure.

ARTICLE II. RULES ON CIVL PROCEEDINGS IN THE TRIAL COURT, http://www.illinoiscourts.gov/SupremeCourt/Rules/Art_II/ArtII.htm#103 (last visited November 2, 2018).

A plaintiff has the burden of showing reasonable diligence in serving process following filing of a complaint. *Segal v. Sacco*, 136 Ill. 2d 282, 286 (1990). The Illinois Supreme Court has instructed that the "reasonable diligence" standard is a fact-intensive inquiry suited to balancing the following factors:

1. the length of time used to obtain service of process;
2. the activities of the plaintiff;
3. plaintiff's knowledge of the defendant's location;
4. the ease with which the defendant's whereabouts could have been ascertained;

5. actual knowledge on the part of the defendant concerning the pendency of the action;
6. any special circumstances affecting plaintiff's efforts at service; and,
7. actual service on the defendant.

*Long v. Elborno*, 376 Ill. App. 3d 970, 979 (1st Dist. 2007).

In *Case v. Galesburg Hosp.*, the Illinois Supreme Court noted that "[t]here is no specific time limitation provided by Rule 103(b). Rather, a court must consider the passage of time in relation to all the other facts and circumstances of each case individually. 227 Ill. 2d 207 (2007). In *Kreykes Electric, Inc. v. Malk and Harris*, the First District noted that "as a rule, the trial court has broad discretion in granting or denying a motion brought under Rule 103(b), and this court will not disturb the trial court's ruling absent an abuse of that broad discretion." 279 Ill. App. 3d 936, 940 (1st Dist. 2007).

In this case, Plaintiffs filed their original complaint in state court on October 27, 2015 for alleged medical negligence during an operative procedure that was performed on October 31, 2013. On May 31, 2016, after the applicable two-year statute of limitations for medical negligence claims expired, Plaintiffs had a summons issued for service upon Defendants MSK.

In their motion to dismiss, Defendants MSK argue that Plaintiffs violated Rule 103(b) by failing to exercise reasonable diligence in effectuating service upon them. Defendants MSK further argue that Plaintiffs' related claims should be dismissed with prejudice because Plaintiffs did not exercise reasonable diligence to

obtain service on Defendants MSK after the expiration of the applicable statute of limitations.

When determining whether a plaintiff exercised reasonable diligence, the Illinois Supreme Court has instructed courts to balance seven factors. The present seven-factor test used by Illinois courts to determine whether a plaintiff exercised reasonable diligence was first articulated by the Illinois Supreme Court in *Segal*. *Segal*, 136 Ill. 2d at 287. Importantly, in addition to outlining the factors test, the court also noted that "[d]ismissal of a cause with prejudice under Rule 103(b) is a harsh penalty which is justified when the delay in service of process is of a length which denies a defendant a 'fair opportunity to investigate the circumstances upon which liability against [the defendant] is predicated while the facts are accessible.'" Id. at 288 (quoting *Geneva Const. Co. v. Martin Transfer & Storage Co.*, 4 Ill. 2d 273, 289-90 (1954)). In that case, the court held that the trial court had abused its discretion in dismissing the complaint based on a 19-week delay between filing of the complaint and service of process. *Id.* at 282. The court reasoned that the "inadvertent delay of 19 weeks did not threaten the circuit court's ability to 'proceed expeditiously to a just resolution of the matter before it.'" *Id.* at 288 (quoting *O'Connell v. St. Francis Hospital*, 112 Ill. 2d 279 (1986)). Therefore, with the above in mind, each factor shall be analyzed in turn.

1. **The length of time used to obtain service of process.**

In their motion to dismiss, Defendants MSK argue that Plaintiffs failed to exercise reasonable diligence because "service was not made on either of these

defendants until seven months and one week after the suit was filed and after the statute of limitations periods of time expired." (Doc. 72, p. 8). To support their argument, Defendants MSK cite Illinois cases[1] that presented similar periods of time between filing of the complaint and service upon the defendant and, in each instance, the court concluded that the plaintiff did not exercise reasonable diligence, and related claims were dismissed. In this case, assuming the applicable statute of limitations expired on October 31, 2015, Plaintiffs did not obtain service of process for approximately seven months. Therefore, the first factor supports a finding that Plaintiffs did not use reasonable diligence in effectuating service.

## 2. The activities of the Plaintiffs during the period prior to service being effectuated.

In their motion to dismiss, Defendants MSK contend that "[t]here is no evidence in this case that plaintiffs took any action after filing their suit [to] effectuate service . . . ." (Doc. 72, p. 8). As the Illinois Supreme Court has previously indicated, determining whether "reasonable diligence" was executed is based on facts and circumstances. The second factor is not confined to activities related solely to effectuating service, but rather, activities of the plaintiff during the period between filing the complaint and service of process. In this case, the record

---

[1] *See Smith v. Menold Const., Inc.,* 348 Ill. App. 3d 1051 (4th Dist. 2004) (five months); *Kreykes Electric, Inc. v. Malk and Harris*, 297 Ill. App. 3d 936 (1st Dist. 1998) (five months); *Tischer v. Jordan*, 269 Ill. App. 3d 301 (1st Dist. 1995) (six months); *Long v. Elborno*, 875 314 Ill. Dec. 840 (1st Dist. 2007) (seven months).

indicates that Plaintiff made more than minimal efforts to effectuate service by attempting to discover and confirm the names and addresses of individuals involved in the October 31, 2013 surgical procedure. In their memorandum in opposition of Defendants MSK's motion to dismiss, Plaintiffs note that "[w]hen Plaintiffs filed their initial Complaint in October 2013 they explained, via affidavit of their attorney and their attempt to discover the names, address and employers of individuals involved in their October 31, 2013 operation by submitting discover requests to Defendants SIHS and Brigham Anesthesia." (Doc. 77-1, p. 13). As noted by the Third District, "[t]he Rule 103(b) test is not whether the plaintiff has done everything possible with the utmost prudence and diligence but, rather, whether the plaintiff exercised reasonable diligence so that the delay of service did not deny the defendant a fair opportunity to investigate the facts of the case." Thus, considering the record as whole, the second factor supports a finding that Plaintiffs used reasonable diligence in effectuating service.

### 3. Plaintiffs' knowledge of defendants' location and the ease with which defendants' location could have been determined

In their motion to dismiss, Defendants MSK contend that Plaintiffs had knowledge of Defendants MSK's location because Plaintiffs were aware of Defendants MSK's association with Brigham Anesthesia ("Brigham") and the address used to ultimately serve Dr. Majid was the address for Brigham. Additionally, Defendants MSK point to the ease in which service was completed after issuance. As stated in their motion, "Once summons was, in fact issued (seven months after filing the original complaint), both Dr. Majid and Pamela Sparling

were served with the summons by Sheriff one week later, which establishes the ease with which the defendant could be located and served."[2] (Doc. 72, p. 9). Therefore, based on the record, factors three and four support a finding that Plaintiff did not use reasonable diligence in effectuating service.

4. **Actual knowledge on the part of the Defendants concerning the pendency of the action.**

In their motion to dismiss, Defendants MSK acknowledge that they were aware that Plaintiffs filed suit against them but argue that Plaintiffs still had a duty under Rule 103(b) to exercise due diligence in service of the complaint. Under the fifth factor, determining whether a defendant had actual knowledge of the pending action helps determine whether a plaintiff used reasonable diligence in effectuating service. Thus, given that Defendants MSK had actual knowledge of the pending action, the sixth factor supports a finding that Plaintiff did use reasonable diligence in effectuating service.

5. **Any special circumstances affecting Plaintiffs' efforts at service.**

The sixth factor considers whether there are any special circumstances affecting Plaintiffs' efforts. In their response to Defendants' motion to dismiss, Plaintiffs argue that:

> Plaintiff [had] been diligently working to identify the individual healthcare providers who attended him during the October 31, 2013

---

[2] *See Tischer v. Jordan*, 269 Ill. App. 3d 301, 308 (1st Dist. 1995) ("The fact that defendants were served in January 1993 without any difficulty demonstrated that these defendants were available and amenable to service at an earlier date, if plaintiff had exercised reasonable efforts in effecting service.").

surgical procedure, and the Defendants, for the most part, have been represented by attorneys involved in this case from the outset.

(Doc. 77, p. 5).

Additionally, Plaintiff contends that:

> When Plaintiffs filed their initial Complaint in October 2013 they explained, via the affidavit of their attorney and their attempt to discover the names, addresses and employers of individuals involved in the October 31, 2013 operation by submitting discovery requests to Defendants SIHS and Brigham Anesthesia . . . Plaintiffs were taking positive steps consistent with their obligations to exercise reasonable diligence under the Rules.

(Doc. 77-1, p. 13).

The above evidence supports the conclusion that special circumstances existed, and thus, the sixth factor supports a finding that Plaintiff used reasonable diligence in effectuating service.

**6. Actual service on the Defendants.**

The seventh factor for determining whether there has been reasonable diligence to effectuate service is whether a defendant was served. The record indicates that Defendants MSK were served with the complaint and they admit that they were aware of the pending action. Although Defendants MSK's knowledge of the pending action does not necessarily preclude dismissal pursuant to Rule 103(b), it is relevant when considering the record. *See Polites v. U.S. Bank National Ass'n*, Ill. App. 3d 76, 86 (1st Dist. 2005) (the fact that a defendant "had notice of the lawsuit before being served did not preclude dismissal under Rule 103(b)").

After reviewing all the factors and considering the totality of the circumstances, the Court finds that Plaintiffs exercised reasonable diligence in effectuating service on Defendants MSK. Defendants MSK's motion to dismiss seeking dismissal of Counts X, XI, XII, XIII, XIV, and XV of the Complaint is denied.

**B. Defendant Suppan's Motion to dismiss**

Defendant Suppan's motion to dismiss seeks dismissal of Counts XVI and XVII of the Complaint (Doc. 73) pursuant to Federal Rule 12(b)(6). Specifically, Defendant Suppan argues that Counts XVI and XVII of the Complaint should be dismissed because Plaintiffs' claims against her are barred by the applicable statute of limitations period and the claims do not relate back to the filing of the original suit.

Plaintiffs' added Defendant Suppan in the state court action after the statute of limitations period expired. Under such circumstances, the Seventh Circuit has concluded that state procedural rules apply. *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121(7th Cir. 2001) ([F]ederal courts may apply state procedural rules to pre-removal conduct."). Accordingly, 735 ILCS 5/2-616(d) is applicable to Defendant Suppan's motion.

Under Section 2-616(d), a plaintiff must satisfy three conditions before the claims against a newly named defendant will be found to relate back to the filing of the original complaint:

1. the time prescribed or limited had not expired when the original action was commenced;

2. the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court rule 103(b), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and,

3. it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading . . ..

735 ILCS 5/2-616(d).

In this case, Defendant Suppan concede that Plaintiffs have satisfied the first and third conditions of Section 2-616(d) but argue that Plaintiffs have failed to satisfy the second condition because she did not have any notice of the suit prior to the time she was served with the first amended complaint. (Doc. 74, p. 7).

Illinois courts have found that Section 2-616(d) is similar to the requirements of Federal Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure and, therefore, have considered federal law when interpreting its provisions. *See Zlatev v. Millette*, 2015 IL App (1st) 143173, ¶ 24; *Compton v. Ubilluz*, 351 Ill. App. 3d 223 (2d Dist. 2004). In *Polites v. U.S. Bank Nat'l Assoc.*, the Court found that:

> Federal courts have decided three types of notice comply with Federal Rule of Civil Procedure 15(c): (1) actual notice received by the party (*Singletary v. Pennsylvania Department of Corrections*, 266 F.3d 186, 195 (3d Cir.2001)); (2) actual notice received by the party's agent (*Peterson v. Sealed Air Corp.*, 902 F.2d 1232, 1237 (7th Cir.1990)); or (3) constructive notice (*Singletary*, 266 F.3d at 195–96).

*Polites v. U.S. Bank Nat'l Assoc.*, 361 Ill. App. 3d 76, 88 (1st Dist. 2005).

Under federal law, there are three ways to establish constructive notice:

> (1) notice via sharing an attorney with the original defendant (*Singletary,* 266 F.3d at 196); (2) notice via an identity of interest with the original defendant (*Singletary,* 266 F.3d at 197–98); or (3) notice via someone who handles the would-be defendant's insurance claims (*Korn v. Royal Caribbean Cruise Line, Inc.,* 724 F.2d 1397, 1401 (9th Cir.1984); *Smith v. TW Services, Inc.,* 142 F.R.D. 144, 148 (M.D.Tenn.1991)).

*Id.* at 90-91.

The first two theories of constructive notice are relevant to the facts of this case, and thus, warrant analysis. In *Singletary v. Pennsylvania Dep't of Corr.*, the Third Circuit noted that the "shared attorney" method of imputing notice is based on the notion that, "when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." 266 F.3d 186, 196 (3d Cir. 2001). The court further noted that "the fundamental issue here is whether the attorney's later relationship with the newly named defendant gives rise to the inference that the attorney, within the 120-day period, had some communication or relationship with, and thus gave notice of the action to, the newly named defendant." *Id.* at 196-97.

In her motion to dismiss, Defendant Suppan argues that she cannot be found to have had constructive notice of the suit via the "shared attorney" theory because "she did not have any contact or communications with the attorneys representing Brigham prior to the time she was served the first amended domplaint. (Doc. 74, p. 9). Defendant Suppan supports the above assertion through a signed affidavit which affirms that she did not have any communication with the attorneys

representing Brigham. Thus, given the record, imputing constructive notice onto Defendant Suppan through the "shared attorney" theory fails.

The second way to establish constructive notice is by establishing an identity of interest with the prospective defendant and the original defendant. In *Alyala v. Lebron Gonzalez*, the First Circuit affirmed the district court's finding of an identity of interest between a prospective prison guard defendant and prison officials named in the original complaint. The court reasoned that the originally named defendants were the prison guard's superiors and the prison guard was present during the attack. 909 F.2d 8 (1st Cir. 1990). In *Jacobsen v. Osborne*, the Fifth Circuit held that the newly named defendants received constructive notice because:

> [T]he City Attorney, who represented the original City defendants (the City and Officer Osborne) . . . would necessarily have represented the newly-named officers. The City Attorney answered the complaint on behalf of the City and Officer Osborne, and to do so, presumably investigated the allegations, thus giving the newly-named officers the [Rule 15(c)(3)] notice of the action.

133 F.3d 315, 320 (5th Cir. 1998).

In *Singletary*, the Third Circuit held that the prospective defendant did not share an identity of interest with the original defendant because "Regan was a staff level employee at SCI-Rockview with no administrative or supervisory duties at the prison. Thus, Regan's position at SCI Rockview cannot alone serve as a basis for finding an identity of interest . . . ." *Singletary*, 266 F.3d at 199.

Defendant Suppan urges the Court to follow *Singletary* by finding there is no identity of interest between Defendant Suppan and Brigham Anesthesia because she was not a managerial employee of Brigham. While Defendant Suppan was not

a managerial employee of Brigham, the circumstances present in *Ayala Serrano* and *Jacobsen* that were the bases for the findings of identity of interest in those cases are present in this case. Similarly, Defendant Suppan was employed at Brigham on October 31, 2013, presumably present during the surgical procedure at issue, and represented by the same attorney as three originally named defendants. Therefore, the Court finds there is a sufficient identity of interest between Defendant Suppan and Brigham so that notice given to Brigham can be imputed to Defendant Suppan for Section 2-616(d) purposes.

## V. Conclusion

In sum, the Court concludes that Defendants Majid, Sparling, Kirby, and Suppan

failed to make a sufficient showing that Counts X, XI, XII, XIII, XIV, XV, XVI, and XVII should be dismissed.

Accordingly, the Court **DENIES** both Defendants MSK's motion to dismiss (Doc. 71) and Defendant Suppan's motion to dismiss (Doc. 73).

**SO ORDERED.**

Judge Herndon
2018.11.21
15:44:22 -06'00'

**UNITED STATES DISTRICT JUDGE**